IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY TORRES, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 03-1003 |
| vs. | ) Judge Arthur J. Schwab/ |
| | ) Magistrate Judge Lisa |
| | ) Pupo Lenihan |
| Lt. GREG MOHRING, et al., | ) |
| | ) |
| Defendants | ) Re: Doc. 39 |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the Defendants' motion to dismiss be granted in part and denied in part. It should be granted as to all of Plaintiff's Section 1986 claims that arose prior to June 30, 2002. It should be denied in all other respects.

**REPORT**

### I) Relevant Procedural History

Plaintiff, a very litigious prisoner,[1] has filed yet another civil rights complaint.

On June 30, 2003, Plaintiff apparently executed a "Civil

---

[1] A brief review of the computerized dockets of the three Federal District Courts which are located in Pennsylvania reveals that plaintiff has filed at least twenty-one suits in those courts between 1993 and present, including this one. A similar review the dockets of the Court of Appeals reveals that he has filed at least nine appeals or petitions between 1995 and the present.

Rights Complaint."[2]  The complaint was received by the Clerk of Courts, however, it was not filed because the complaint failed to be accompanied by either the filing fee or a request to proceed *in forma pauperis* ("IFP") and for failure to supply the necessary number of copies of the complaint for each of the thirteen named defendants.  On July 3, Plaintiff executed an amended civil rights complaint ("amended complaint") which the Court received on July 8, 2003.  Plaintiff again failed to provide either the filing fee or a request to proceed *in forma pauperis*.  On July 15, 2003, the court issued an order, informing Plaintiff of the deficiencies and requiring him to rectify them.  Doc. 1.  He failed to do so and the previous Magistrate Judge assigned to this case issued a report dated August 19, 2003, recommending that the case be dismissed without prejudice.  Doc. 2.  On August 26, 2003, Plaintiff filed two items: his objections to the report and recommendation, Doc. 4, and a motion requesting leave to proceed IFP.  Doc. 3.

In his objections, Plaintiff contended that never received the July 15th order.  In light of his objections, and the filing of the IFP motion, the court vacated the report and recommendation dated August 19, 2003.  Doc. 6.  However, the previous Magistrate Judge then recommended denying Plaintiff's

---

[2] Although the Clerk's file contains the "Civil Rights Complaint" it was not date stamped as received as is customary, however, it was assigned a civil action number.

application for IFP because he had three strikes and his complaint did not reveal any imminent danger of physical injury. Doc. 5. In November 2003, the District Court adopted the report and recommendation and denied Plaintiff's IFP motion. Doc. 8. After some intervening filings, Plaintiff paid the filing fee and the case was reopened. Doc. 12. The case was then referred to the undersigned. Doc. 19. Plaintiff's amended complaint was not formally docketed until November 2004. Doc. 28. The Defendants filed a motion to dismiss, Doc. 39, in which the only issue raised was the statute of limitations defense, and they also filed a brief in support. Doc. 40. Plaintiff filed a response, Doc. 42 and brief in support. Doc. 43.

**II) Applicable Legal Principles**

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court of Appeals for the Third Circuit announced the standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6):

> [Courts] must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). We may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). Given the liberal notice pleading standards of Fed.R.Civ.P. 8, the grant of

a motion to dismiss should be rare. St. Joseph's Hosp., Inc. v. Hosp. Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986) ("Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion [to dismiss] should be granted."). In light of this, the Court of Appeals for the Fifth Circuit has gone so far as to say that a "motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'". Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004) (quoting Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)). Furthermore, "[b]ecause 'there are no special pleading rules for prisoner civil rights cases,' a complaint should not be dismissed if it specifies 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'" Perry v. Oltmans, 106 Fed.Appx. 476, 479 (7th Cir. 2004).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### III) Discussion

Plaintiff's amended complaint alleges, *inter alia*, that 1) he was twice attacked by several of the defendants 2) that some

of the defendants attempted to cover up the assaults by filing false disciplinary charges against him and 3) that some of the defendants denied him his rights at disciplinary hearings. All of these alleged wrongs occurred no earlier than July 6, 2001. Plaintiff signed his original complaint on June 30, 2003.[3]

Plaintiff alleges as the jurisdictional basis for his complaint 42 U.S.C. § 1983, § 1985(3) and § 1986. Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 or § 1985(3) of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985)(§ 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989)(§ 1985). Because of this, the Courts are to consider Section 1983 and Section 1985(3) actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the

---

[3] Although the amended complaint mentions an alleged attack that occurred on July 6, 2001, it is apparent that Plaintiff has withdrawn this claim and has also withdrawn the defendants associated with this claim. There is a letter from the U.S. Marshal, dated November 4, 2004 and addressed to Plaintiff. The letter requests Plaintiff to provide service directions as to each of the Defendants. At the bottom of the letter, apparently in Plaintiff's hand writing is the following: "Dear Marshal, I have withdrawn several defendants." Plaintiff only provided service directions for seven of the original thirteen defendants. The only remaining defendants are: Mohring, Stafford, Powell, Marsh, McCown, Murray, and Arnold. See Marshal's Letter in the Clerk's file. See also Doc. 43 at 1 ("While this action was originally filed with additional defendants, the Plaintiff, as master of his claim, elected to proceed with only selected defendants."); Doc. Nos. 31-37 (process receipt forms for the seven remaining defendants). The only remaining claims concern the alleged July 20, 2001 attack.

appropriate state. See Wilson; Bougher. The Court of Appeals for the Third Circuit has declared that for Sections 1983 and 1985(3) actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."); Bougher, 882 F.2d at 79.

Unlike Section 1983 and Section 1985, Section 1986, provides for a one year statute of limitations. 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

The "prisoner mail box rule" provides that a pro se prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(dealing with habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying rule to civil rights complaint). In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, the court deems the complaint to have been filed on the date he signed his original civil rights

complaint, i.e., June 30, 2003. See Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868, *3 (D. Del. June 8, 2000); Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000)("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

Therefore, if any of Plaintiff's causes of action accrued prior to June 30, 2001, they would be time barred under the two year statute of limitations applicable to a Sections 1983 and 1985 actions. They would be barred as to any Section 1986 action under its one year statute of limitations for any cause of action that accrued prior to June 30, 2002. However, as alleged in the amended complaint and subsequently clarified by Plaintiff, all of the alleged wrongdoing on the part of the Defendants occurred on or after July 21, 2001. Hence, as to the Section 1983 and Section 1985(3) claims, they would not appear to be time barred if the June 30, 2003 filing date of the original complaint is controlling. However, as to any of the Section 1986 claims that arose prior to June 30, 2002, they would be time barred and must be dismissed.

Defendants argue that the entire action is time barred. Specifically, Defendants argue that examination of the original complaint shows that it fails to meet the basic requirements of Fed.R.Civ.P. 8(a) because it

> contains no statement of the claim showing that the
> pleader is entitled to relief. Plaintiff states only
> that "this is a civil rights complaint alleging cruel
> and unusual punishment (physical assaults) upon
> plaintiff, as well as deprivation of Due Process of Law
> by fabrication of documentation and alteration of
> records, as well as conspiracy to cover-up the same."
> Plaintiff does not specify the incidents to which these
> allegations relate, he provides no dates for these
> alleged events, nor does he state against whom these
> claims are raised.

Doc. 40 at 4-5.

Defendants' basic argument is that the first complaint that Plaintiff sought to file, the one he signed on June 30, 2001 was so deficient in terms of pleading any details that it was, in essence, ineffective to stop the running of the statute of limitations[4] and so we must look to the amended complaint as being the one to stop the running of the statute of limitations but that one was not filed until November 2, 2004, long after the running of the statute of limitations on the causes of actions raised in the amended complaint.[5]

---

[4] See, e.g., Hair v. U.S., 350 F.3d 1253, 1260 (Fed. Cir. 2003)("The basic rule is that the clock of a statute of limitations begins to run from the date the plaintiff's cause of action 'accrues' . . . . The clock stops on the date that the plaintiff files his complaint in a court of proper jurisdiction.").

[5] Specifically Defendants argue that

> Since Plaintiff's Complaint [i.e., the original one]
> fails to comport with even the minimal requirements set
> by Fed. R.Civ. P. Rule 8(a), it fails to preserve any
> claim.  Thus, to see if Plaintiff has preserved any
> claims for review, we must look to the next pleading
> filed by Plaintiff which raises claims and comports

The court is unpersuaded that the original complaint "fail[ed] to preserve any claim" as the Defendants put it. Doc. 40 at 5. As Plaintiff points out, he was entitled to amend his original complaint, and in fact, he did do so. Doc. 40 at 3.

The starting point of our analysis is Fed.R.Civ.P. 15. Rule 15 provides that:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> . . .
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .

Fed.R.Civ.P. 15(c).

The Third Circuit Court has stated the following rule, which governs this case under Fed.R.Civ.P. 15(c)(2):

> In the context of non-habeas civil proceedings, a party may not allege an entirely new claim by amendment after the expiration of the statute of limitations. A party may, however, attempt to raise and relate back a new

---

with the requirements of Fed.R.Civ.P. Rule 8(a).
    The docket next reflects that Plaintiff submitted an Amended Complaint that was docketed in this Court on November 2, 2004. (See Doc. #28). The Amended Complaint raises several claims and appears to comply with the pleading requirements set forth by Fed.R.Civ. P. Rule 8(a). However, based on the filing date of November 2, 2004, the two year statute of limitations applicable in this case would work to prohibit claims arising from any event which occurred prior to November 2, 2002. Yet the first (and only) indication of Plaintiff's claims appears in the Amended Complaint[.]

Doc. 40 at p. 5 (footnote omitted).

> claim which would otherwise have been barred by the statute of limitations as long as the claims "arose out of the conduct, transaction, or occurrence set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

United States v. Thomas, 221 F.3d 430, 435-36 (3d Cir. 2000). Thus, pursuant to Thomas, the critical question is whether Plaintiff's amendment can be said to "allege an entirely new claim" or whether the amendment seeks to raise a "new claim which would otherwise have been barred by the statute of limitations [so] long as the claims 'arose out of the conduct, transaction, or occurrence set forth in the original pleading.'" Although Thomas does not elaborate on the analysis, it does provide guidance as to what principles inform Fed.R.Civ.P. 15: "[t]he purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on the merits rather than on procedural technicalities." Thomas, 221 F.3d at 435 (internal quotes omitted). In addition, this court's analysis is further informed by the fact that "a primary purpose of statutes of limitations is to protect defendants from the unfair surprise of state [sic, should be stale] claims[.]" Krieger v. United States, 539 F.2d 317, 322 (3d Cir. 1976)(citing Burnett v. New York Central R. Co., 380 U.S. 424, 428 (1965)). Furthermore, "the rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires." Anthony v. Cambra, 236 F.3d

10

568, 576 (9th Cir. 2000)(quoting James Wm. Moore et al., Moore's Federal Practice §15.19[1] (3d ed. 1999)).

Instantly, the court finds that the amended complaint (shorn of its withrawn claims) sets forth only those "claim[s] [that] arose out of the conduct, transaction, or occurrence . . . attempted to be set forth in the original pleading" within the intendment of Fed.R.Civ.P. 15(c)(2). The original pleading in this case contained in its caption a listing of all of the defendants named in the amended complaint which is now the operative complaint, and that original pleading alleged "cruel and unusual punishment (physical assaults) upon plaintiff, as well as deprivation of Due Process of Law, by fabrication of documentation and alteration of records, as well as conspiracy to cover up the same[.]" Furthermore, this court finds the original complaint to be sufficient to "protect defendants from the unfair surprise of sta[l]e claims" and so, sufficient to serve the primary purpose of the statute of limitations. Krieger v. United States, 539 F.2d at 322. Accordingly, the court does not find Plaintiff's claims time barred since all of the alleged wrongdoing occurred in July 2001 or thereafter and this original pleading was deemed to be filed in this court on June 30, 2003.

As such, Defendants have not met their burden under Rule 12(b)(6) and their motion should be denied as to all claims other than any Section 1986 claims which arose prior to June 30, 2002.

11

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: August 10, 2005

cc: The Honorable Arthur J. Schwab
United States District Judge

Andy Torres
CU-3610
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001

Scott A. Bradley
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219

12